In the Matter of ROBERT V. SHANNON (Admitted as ROBERT VINCENT SHANNON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 1988

## APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Robert Vincent Shannon was admitted to prac-

tice as an attorney and counselor-at-law in the State of New York by the Appellate Division, Second Department, on March 26, 1958. He is currently registered with the Office of Court Administration as having a business address in New York at c/o Butler, Fitzgerald & Potter at 315 Park Avenue South, New York, New York.

Petitioner Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.3 suspending respondent from the practice of law based upon two orders of the New Jersey Supreme Court, dated September 15, 1987 and October 6, 1987. In that regard, it should be noted that respondent has failed to respond to the instant notice of petition, request a hearing or serve a verified statement setting forth evidentiary facts in his defense.

In June of 1987, Bruce M. Schragger, an attorney who had been substituted for respondent as counsel for the estate of Hubert Kreb, informed the Office of Attorney Ethics of the Supreme Court of New Jersey of possible financial improprieties on the part of respondent. Previously, by order dated June 26, 1987, the Honorable Dorothea Wefing, J.S.C., had directed that respondent be replaced as counsel to the Kreb estate, that he turn over all documents and files to Mr. Schragger and that he submit an accounting of all estate funds, including income and disbursements from the date received, within 45 days of the order. Thereafter, in late August of 1987, Mr. Schragger notified the Office of Attorney Ethics that respondent had not complied with Judge Wefing's order. He further advised that although respondent had been in control of several hundred thousand dollars in Kreb estate funds, personnel at the bank in which the estate checking and savings accounts were maintained had stated that the existing total balances were below $5,000.

Accordingly, the Office of Attorney Ethics made a demand for the production of books and records, directing respondent to appear on September 11, 1987 for an audit at their offices. Respondent, however, failed to appear or contact the Office of Attorney Ethics in any manner, which then brought a petition for emergency relief seeking, among other things, respondent's immediate suspension from the practice of law. By order dated September 15, 1987, the Supreme Court of New Jersey temporarily suspended respondent and ordered that he show cause on September 28, 1987 why the immediate suspension and restraints imposed by the court should not continue pending the final disposition of outstanding complaints against him at

the Ethics Committee. When respondent failed to appear on the return date of the order to show cause, the court, by order dated October 6, 1987, continued the suspension and restraints contained in its prior order.

Since respondent has been personally served with this notice of petition and has not responded within the required 20 days (and, indeed, has not responded at all), the motion by the Departmental Disciplinary Committee for an order pursuant to 22 NYCRR 603.3 suspending him from the practice of law for an indefinite period and until further order of this court is granted, effective immediately.

MURPHY, P. J., SANDLER, SULLIVAN, ASCH and MILONAS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for an indefinite period and until the further order of this court, effective immediately.